**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 11 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PATRICIA F. BROWN, | No. 14-35214 |
| Plaintiff - Appellant, | D.C. No. 1:13-cv-00048-SEH |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted January 15, 2015 [**]

Before:     THOMAS, Chief Judge, D.W. NELSON and LEAVY, Circuit Judges.

Patricia F. Brown appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm.

Contrary to Brown's contention, the ALJ did not err at step two of the sequential evaluation when the ALJ did not identify pes planus (flat foot), regional pain syndrome, and foot and ankle pain among Brown's severe impairments. There was no evidence that pes planus significantly limited Brown's ability to do basic work activities. *See* 20 C.F.R. § 404.1520(c) (defining "severe impairment" as "any impairment or combination of impairments which significantly limits [one's] physical or mental ability to do basic work activities"). Pain syndrome is not clearly diagnosed in the record, and pain by itself is a symptom, not an impairment. *See* 20 C.F.R. § 404.1529(b) ("Your symptoms, such as pain . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present."). Moreover, the ALJ appropriately considered all of Brown's conditions in the sequential analysis.

Brown also contends that the ALJ failed to offer specific, clear and convincing reasons for discrediting her statements concerning the intensity, persistence, and limiting effects of her symptoms. This contention fails because the ALJ identified inconsistencies between Brown's statements and the medical

evidence.  *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (discussing legal standard).  The ALJ noted that, by late 2002 or early 2003, Brown was no longer complaining of significant right ankle and hip pain and did not receive any treatment or evaluation related to her right ankle from April 2003 to February 2005, during which time she was pregnant and gave birth to her son.  The ALJ also noted that the record did not support Brown's claims of having difficulty sitting before June 2005, the date that Brown was last insured for disability insurance benefits.

We reject Brown's contention that the ALJ failed to consider opinions of treating physician Dr. Michael Schabacker because the statements at issue reflect Brown's subjective complaints, not Dr. Schabacker's medical opinions.

Brown contends that the hypothetical questions that the ALJ asked of the vocational expert did not include all of Brown's impairments.  This contention fails because the ALJ did not rely on the vocational expert's responses to the hypothetical questions in determining that Brown could perform a full range of sedentary work, including her past work as a legal assistant.

**AFFIRMED.**